UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| ANTHONY DARYL PEARSON | * | Case No. 24-17929 |
| KATRINA PEARSON | | (Chapter 13) |
| | * | |
| Debtor | | |
| * * * * * * * | | |
| ANTHONY DARYL PEARSON | * | Adversary No: |
| KATRINA PEARSON | | |
| Plaintiffs | * | |
| v. | | |
| CADLES OF WEST VIRGINIA, LLC | * | |
| PENNY MAC LOAN SERVICES, LLC | | |
| Defendants | * | |
| REBECCA HERR | | |
| Necessary Party | | |
| * * * * * * * * * * * * * | | |

**COMPLAINT TO DECLARE SCOPE, VALIDITY, PRIORITY AND EXTENT OF LIEN OF CADLES OF WEST VIRGINIA, LLC AND PENNY MAC LOAN SERVICES. LLC; TO VALUE REAL PROPERTY; FOR AN ACCOUNTING AND AN OBJECTION TO CLAIM 10 PURSUANT TO 11 U.S.C. §§ 105(a), 502(b), 506(a), 1322(b)(2); 28 U.S.C. §§ 2201, 2202 and FED R. BANKR. P. 3012**

**ANTHONY DARYL PEARSON** and **KATRINA PEARSON** (the "Debtors" and "Plaintiffs"), by and through undersigned counsel, John D. Burns, Esquire, and The Burns Law Firm, LLC hereby file this Civil Complaint against Cadles of West Virginia, LLC and Penny Mac Loan Services, LLC To Declare Scope, Validity, Priority and Extent of Lien of Cadles of West Virginia, LLC and Penny Mac Loan Services, LLC; To Value Real Property; For An Accounting and An Objection to Claim 10 Pursuant to 11 U.S.C. §§ 105(a), 502(b), 506(a), 1322(b)(2); 28 U.S.C. §§ 2201, 2202 and Fed. R. Bankr. P. 3012 (the "Complaint"), and states as follows:

**PARTIES AND JURISDICTION**:

1.  The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a), (b), (e), 2201-2202 and 157(b).  This contested matter consists of a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (K), (O).  Venue is proper pursuant to 28 U.S.C. § 1409.  The Plaintiffs move for relief under 11 U.S.C. §§ 105(a), 502(b), 506(a), and 1322(b)(2).  The Plaintiffs consent to the jurisdiction of this Bankruptcy Court to enter final Orders in this adversary proceeding.

2.  ANTHONY DARYL PEARSON ("Mr. Pearson") is an individual residing in the State of Maryland at 12618 Henderson Chapel Lane, Bowie, MD  20720 and is a plaintiff herein.

3.  KATRINA PEARSON ("Mrs. Pearson") is an individual residing in the State of Maryland at 12618 Henderson Chapel Lane, Bowie, MD  20720 and is a plaintiff herein.

4.  CADLES OF WEST VIRGINIA, LLC ("CADLES") is a business organization with its principal offices situated at 100 North Center Street; Newton Falls, OH 44444 c/o William Shaulis, responsible officer and Cadles is a defendant herein.  Cadles is not registered as a foreign business entity with the State Department of Assessments and Taxation and is not authorized to perform business in the State of Maryland.

5.  PENNY MAC LOAN SERVICES, LLC ("PENNY MAC") is a business organization with its principal offices situated at 3043 Townsgate Road; Ste. 200; Westlake Village, CA  91361 c/o David A. Spector CEO and is a defendant herein.  Penny Mac is current on its registration on the State Department of Assessments and Taxation of Maryland.

6.  REBECCA HERR (the "Trustee") is the appointed Chapter 13 Trustee and is joined herein solely in her official capacity as a necessary party for the estate.

**FACTS COMMON TO ALL COUNTS**:

7. On September 20, 2024 (the "Petition Date"), the Plaintiffs filed a voluntary case under Chapter 13 of the United States Bankruptcy Code of 2005, as amended (the "Code"). The Plaintiffs are individuals regularly employed.

8. The Plaintiffs own a principal residence; namely, 12618 Henderson Chapel Lane, Bowie, MD 20720 (the "Property"). The Plaintiffs have scheduled the Property at a value of $900,000.00 in their Schedules of Assets and Liabilities ("Schedules") filed on September 20, 2024 [Dkt. 5; p.3].

9. Penny Mac filed an allowed secured claim against the Property on October 23, 2024 with a stated debt obligation of $530,047.10 including arrears of $7,216.13 as of the Petition Date (the "Penny Mac Claim") [Cl. Dkt. 7]. A copy of the Penny Mac Claim is incorporated hereto by reference as a docketed event in the main case under Fed. R. Evid. 201.

10. Cadles filed an allowed secured claim against the Property on November 14, 2024 with a stated debt obligation of $565,805.18 including arrears of $565,805.18 as of the Petition Date (the "Cadles Claim") [Cl. Dkt. 10]. A copy of the Penny Mac Claim is incorporated hereto by reference as a docketed event in the main case under Fed. R. Evid. 201.

11. On December 3, 2024, Cadles filed a Motion for Relief From Stay (the "MFRS") [Dkt. 21] seeking to enforce its alleged rights under the Cadles Claim including by foreclosure on the Property. On December 17, 2024, the Plaintiffs filed an Answer [Dkt. 23] to the MFRS, which was amended on December 28, 2024 [Dkt. 24]. It was supplemented with two affidavits on December 28, 2024 by Mrs. Pearson [Dkt. 24-1] and on January 6, 2025 by Mr. Pearson which contend at least two of the documents within the Cadles Claim bear inauthentic signatures of the Plaintiffs (Collectively, the "Affidavits"). The Plaintiffs have reserved all

rights.  The MFRS, Answer, as amended and the Affidavits are incorporated hereto by reference as docketed events in the main case under Fed. R. Evid. 201.

12. The Cadles Claim asserts by its attachments that on January 18, 2008, a promissory note in the amount of $500,000.00 (the "Note") was issued to the benefit of Washington Savings Bank, F.S.B. ("WSB") and the borrower or maker of the Note was On Target Security, Inc. ("On Target") with a maturity date for the Note absent prior demand of January 18, 2009. (*See*, Cl. Dkt. 10 pp. 4-6) A further attachment to the Cadles Claim is an asserted Indemnity Deed of Trust (the "IDOT") dated January 18, 2008 from Plaintiffs to WSB against the Property (*See*, Cl. Dkt. 10; pp. 23-34).

13. The Cadles Claim then asserts that various modifications, loan extensions and allonges exist allegedly signed by one or both of the Plaintiffs. (*See*, Cl. Dkt. 10; pp. 7-22). Pursuant to the Affidavits, as noted the Plaintiffs dispute the authenticity of signatures of at least two (2) of these documents and reserved all rights.

14. On August 9, 2021, the Plaintiffs attended a closing on the refinancing of the Property with ClearEdge Title, Inc. (the "Title Company").  A copy of the closing settlement statement (the "Settlement Statement") is attached hereto as ***Exhibit 1***.  On information and belief, the Settlement Statement shows a payoff to the secured lender on the Property; namely, Chase of $502,728.09.  Lender's title insurance was paid for in the amount of $1,701.77, with further binder fees payable to Stewart Title as itemized on the Settlement Statement.  Although unsigned, the Plaintiffs believe and aver that the Settlement Statement is an accurate copy of the executed version that would exist from closing and it was provided to them at closing.  There is no lien payoff showing to Cadles, nor on information and belief was a there a lien of record to

satisfy to Cadles as relayed to Plaintiffs by the Title Company as only Chase was required to be paid off.

15. On or about March 18, 2016 (the "Petition Date"), Mr. Pearson filed a voluntary petition for Chapter 7 relief in the Bankruptcy Court for the District of Maryland (Case No. 16-13548). Mr. Pearson received a discharge in the case. Mrs. Pearson has never signed the Note or otherwise committed herself to personal liability to WSB, and thus now to Cadles under the Cadles Claim. The Plaintiffs have no personal liability to Cadles or personal liability otherwise on the Cadles Claim and the Cadles Claim recites it is *in rem*.

**COUNT I: DECLARATORY JUDGMENT TO DETERMINE SCOPE, EXTENT AND VALIDITY OF LIENS OF CADLES AND PENNY MAC AGAINST THE PROPERTY (11 U.S.C. §§ 105(a); 506(a); 1322(b)(2); 28 U.S.C. §§ 2201-2202)**

16. Paragraphs 1-15 are incorporated hereto as though more fully stated herein.

17. The Property is valued at $900,000.00 in the opinion of the Plaintiffs based upon the fact that they are owners. *See, Mayor and City of Baltimore v. Hurlock*, 113 Md. 674 (1910) (owner may testify as to value of his property); *See also*, Fed. R. Evid. 701. The Property should be valued at $900,000.00 for the determination of liens herein arising from the Penny Mac Claim and Cadles Claim and for such further and appropriate circumstance as may be in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest. *See*, 11 U.S.C. § 506(a) (2024).

18. The Penny Mac Claim asserts that a lien exists on the Property in favor of Penny Mac following the Settlement Statement and that $530,047.10 exists as a first priority lien based upon ¶ 9 at p.1 of the Penny Mac Claim.

19. The Cadles Claim asserts that a lien exists on the Property in favor of Cadles by assignment from WSB in the amount of $565,805.18 and presumably that it exists as a first priority lien based upon ¶ 9 at p.1 of the Cadles Claim. There is no express statute of limitations on an IDOT. However, the Plaintiffs dispute that the Cadles Claim is a valid lien upon the Property. To wit:

> If a mortgage or deed of trust remains unreleased of record, the mortgagor or grantor or any interested party is entitled to a presumption that it has been paid if: (i) 12 years have elapsed since the last payment date called for in the instrument or the maturity date as set forth in the instrument or any amendment or modification to the instrument and no continuation statement has been filed . . . (2) Except as otherwise provided by law, if an action has not been brought to enforce the lien of a mortgage or deed of trust within the time provided in paragraph (1) of this subsection and, notwithstanding any other right or remedy available either at law or equity, the lien created by the mortgage or deed of trust shall terminate, no longer be enforceable against the property, and shall be extinguished as a lien against the property.

*See*, MD Code, Real Property Art., § 7-106(c)(1), (2) (2024).

20. Given the problems with authenticity alleged by Plaintiffs in respect of the extensions and modifications and allonges in particular with respect to at least two of these documents, the Plaintiffs contend that there is no maturity established by the Cadles Claim past the Note, which was entered into by On Target and WSB.

21. Accordingly, the Plaintiffs contend that no valid extensions, modifications, allonges exist until and unless authenticity can be established which has been raised under oath by Plaintiffs in the Affidavits. As such, in the absence of continuation statements which have not likewise been presented by Cadles, the lien arising under the IDOT should be released, extinguished and no longer enforceable against the Property.

22. In the alternative, to the extent the provisions of MD Code, Real Property Art., § 7-106(c)(1) are inapplicable hereto, the Bankruptcy Court must determine the relative rights of the Penny Mac Claim and the Cadles Claim as to priority, scope validity, and extent of these two competing liens against the Property. This requires a declaration of rights of the parties hereto and a determination on whether there exists and allowed secured claim and lien of Cadles in the first instance; and if so, what the lien priorities are between Penny Mac and Cadles relative to the Property at issue. The Trustee is joined to the extent necessary or required to seek such relief herein.

WHEREFORE, the Plaintiffs respectfully request that the Bankruptcy Court enter an Order (i) Granting Count I of the Complaint; (ii) Declaring the lien of Cadles to be extinguished, released and no longer enforceable against the Property; or (ii) Declaring the relative rights of Penny Mac and Cadles as to the validity, scope, priority and extent of their relative liens against the Property; and (iii) valuing the Property at $900,000.00; and (iv) Granting such other and further relief as equity and justice may require.

### COUNT II:  ACCOUNTING AND INSPECTION
### (11 U.S.C. §§ 105(a))

23. Paragraphs 1-22 are incorporated hereto as though more fully stated herein.

24. The Plaintiffs have received the Cadles Claim and believe it to be erroneous and to contain inauthentic signatures in some instances.

25. The Cadles Claim also asserts a payoff as of the Petition Date of $565,805.18. The Plaintiffs believe and aver through Mr. Pearson that the amount owed on the Note and consequently secured if at all by the IDOT is far less because of payments tendered by

On Target to WSB.  Available banking records for On Target do not reach back to 2008 but rather only nine (9) years according to information available to Mr. Pearson, as a former officer of On Target.

26.     The assignments and modifications and alterations in terms, if authentic, are mutual and so complicated that there is no adequate remedy to Plaintiffs other than through an accounting.  WSB and thus Cadles has a fiduciary relationship with Plaintiffs against whom the Cadles Claim is asserted and Cadles has a duty to render an account to Plaintiffs with regards to monies alleged owed in the Cadles Claim.  By filing the Cadles Claim without an accounting, Cadles has failed to render such an account.  The single page accounting from 2017 forward is incomplete and does not include any payment history on the historical account from 2008 or how the starting balance was created.  [Cl. Dkt. 10; p.39]

27.     A full accounting of all payments received, source of payment and dates, with rights of inspection including as to all original documents within the Cadles Claim, from January, 2008 is hereby required and requested.

WHEREFORE, the Plaintiffs respectfully request that the Bankruptcy Court enter an Order (i) Granting Count II of the Complaint; (ii) Authorizing and requiring a complete accounting and inspection of original documents to be provided by Cadles to the Plaintiff which are supportive of the Cadles Claim; and (iii) Granting such other and further relief as equity and justice may require.

### COUNT III:  OBJECTION TO CADLES CLAIM
### (11 U.S.C. §§ 105(a) and 502(b))

28.     Paragraphs 1-27 are incorporated hereto as though more fully stated herein.

29. The Plaintiffs have received the Cadles Claim and believe it to be erroneous and to contain inauthentic signatures in some instances. The Affidavits provide preliminary support for that contention as to two of the documents within the Cadles Claim.

30. The Plaintiffs aver that the face amount of the Cadles Claim is erroneous as payments were made by On Target which are not accounted for in the Cadles Claim, and an accounting and inspection has been requested in this Complaint.

31. Penny Mac has filed a Penny Mac Claim in this Chapter 13 case demonstrating a first priority lien and payoff as of the Petition Date in the amount of $530,047.10. Cadles has filed a Cadles Claim in this Chapter 13 case demonstrating a first priority lien and payoff as of the Petition Date in the amount of $565,805.18. These claims are incompatible and inconsistent and cannot both be allowed claims. The Plaintiffs are aware as demonstrated by the Settlement Sheet that they borrowed funds which represent the Penny Mac Claim. The Cadles Claim is therefore objected to and must be stricken as disallowed pending further proceedings on this adversary proceeding including the validity, scope, extent and priority of the Cadles Claim against the Property and its amount due and owing if any.

32. Section 502(a) of the Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects." The Bankruptcy Court is required to determine the amount of such claim upon objection and allow such claim except as to the extent it is disallowed for the bases which follow under Section 502(b) of the Code. Herein, among other bases pled, "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable

law for a reason other than because such claim is contingent or unmatured" See, 11 U.S.C. § 502(b)(1). This objection to claim thus disallows the Cadles Claim in this Chapter 13 case.

33. Local Rule 3007-1 requires this document recite that:

**(A) WITHIN THIRTY (30) DAYS AFTER THE DATE ON THE CERTIFICATE OF SERVICE OF THE OBJECTION, THE CLAIMANT MAY FILE AND SERVE A RESPONSE, TOGETHER WITH ANY DOCUMENTS AND OTHER EVIDENCE THE CLAIMANT WISHES TO ATTACH IN SUPPORT OF ITS CLAIM, UNLESS THE CLAIMANT WISHES TO RELY SOLELY UPON THE PROOF OF CLAIM; (B) A PARTY IN INTEREST MAY REQUEST A HEARING THAT WILL BE HELD AT THE COURT'S DISCRETION; AND (C) THE COURT MAY OVERRULE THE OBJECTION OR SET A HEARING ON THE OBJECTION IF THE OBJECTION FAILS TO INCLUDE ADEQUATE SUPPORT FOR THE REQUESTED RELIEF, EVEN IF A RESPONSE IS NOT FILED.**

WHEREFORE, the Plaintiffs respectfully request that the Bankruptcy Court enter an Order (i) Granting Count III of the Complaint; (ii) Disallowing and Striking the Cades Claim [Cl. Dkt. 10] from the docket in this Chapter 13 case as a disallowed claim herein; and (iii) Granting such other and further relief as equity and justice may require.

February 4, 2025

Respectfully Submitted,
/S/ John D. Burns
John D. Burns, Esquire (#22777)
The Burns Law Firm, LLC
6305 Ivy Lane; Suite 340
Greenbelt, Maryland 20770
(301) 441-8780
Counsel for the Plaintiffs
info@burnsbankruptcyfirm.com