# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | | |
|---|---|---|
| **In re:** | * | |
| **ANTHONY DARYL PEARSON** | * | Case No: 24-17929 |
| **KATRINA PEARSON** | | |
| | * | |
| Debtors | * | (Chapter 13) |

___

| | | |
|---|---|---|
| **ANTHONY DARYL PEARSON** | * | |
| **KATRINA PEARSON** | * | |
| | | |
| Plaintiffs. | * | Adv. Proc. No. 25-00034 |
| v. | * | |
| **CADLES OF WEST VIRGINIA, LLC** | * | |
| **PENNY MAC LOAN SERVICES, LLC** | * | |
| | | |
| Defendants | * | |
| **REBECCA HERR** | * | |
| Necessary Party | * | |

___

**ANSWER AND DEFENSES OF DEFENDANT CADLES OF WEST VIRGINIA, LLC**

Defendant Cadles of West Virginia, LLC ("Cadles"), by and through undersigned counsel, Jason S. Ordene, and Bregman, Berbert, Schwartz, & Gilday, LLC, for its answer and affirmative defenses to the Complaint To Declare Scope, Validity, Priority and Extent of Lien of Cadles of West Virginia, LLC and Penny Mac Loan Services, LLC; To Value Real Property; For An Accounting and An Objection to Claim 10 Pursuant to 11 U.S.C. §§ 105(a), 502(b), 506(a), 1322(b)(2); 28 U.S.C. §§ 2201, 2202 and Fed. R. Bankr. P. 3012 (the "Complaint"), respectfully states as follows:

1

## PARTIES AND JURISDICTION

1. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Cadles denies the allegations in this paragraph and opposes the relief sought by the Plaintiffs.

2. Admitted.

3. Admitted.

4. Admitted in part and Denied in part. Cadles admits that it is a business organization with its principal offices situated at 100 North Center Street Newton Falls OH 44444 and that it is not registered as a foreign business entity with the State Department of Assessments and Taxation. CadleRock Joint Venture, LP is the loan servicer for Cadles in relation to the Note and Indemnity Deed of Trust subject to this action. The remainder of this paragraph constitutes legal conclusions to which no response is required. To the extent a response is deemed required, Cadles denies the remainder of the allegations in this Paragraph.

5. Cadles lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

6. Admitted.

## FACTS COMMON TO ALL COUNTS

7. Cadles lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

8. Admitted. Cadles reserves the right to dispute the valuation of the Property.

9. Cadles lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

10.     Cadles admits it filed an allowed secured claim against the Property on November 14, 2024 with a stated debt obligation of $565,805.18 including arrears of $565,805.18 as of the Petition Date.  Cadles lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in this paragraph and therefore denies the same.

11.     Admitted in part and denied in part.  Cadles admits that it filed the Motion for Relief from Stay ("MFRS") and that Plaintiffs filed and Answer and Supplement to the MFRS.  Cadles denies the remainder of the allegations in this paragraph, including the Plaintiff's defenses to the MFRS and claims of inauthentic signatures.

12.     Cadles admits the allegations of this paragraph to the extent they are not inconsistent with the referenced documents and denies any allegations inconsistent with the referenced documents.

13.     Cadles admits the allegations of this paragraph to the extent they are not inconsistent with the referenced documents and denies any allegations inconsistent with the referenced documents.  Cadles denies the Plaintiffs' claims that dispute the authenticity of the signatures on the documents.

14.     Cadles admits that its lien remains unsatisfied, and it was not satisfied through the referenced August 9, 2021 closing.  Cadles lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in this paragraph and therefore denies the same.

15.     Cadles admits that Mr. Pearson filed a voluntary petition for Chapter 7 relief in the Bankruptcy Court for the District of Maryland (Case No. 16-13548) and received a discharge in the case.  Cadles was not identified as a creditor in the bankruptcy.  Cadles denies the remainder of the allegations in this paragraph.

3

**COUNT I: DECLARATORY JUDGMENT TO DETERMINE SCOPE, EXTENT AND VALIDITY OF LIENS OF CADLES AND PENNY MAC AGAINST THE PROPERTY (11 U.S.C. §§ 105(a); 506(a); 1322(b)(2); 28 U.S.C. §§ 2201-2202)**

16. Cadles' responses set forth in the above paragraphs are restated here and incorporated herein by reference.

17. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Cadles denies the allegations in this paragraph. Cadles further reserves the right to challenge the valuation of the Property made by the Plaintiffs.

18. Cadles lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same. Cadles denies any allegation that its lien on the Property is not the first priority lien.

19. Cadles admits the allegations of this Paragraph to the extent they are consistent with Cadles' proof of claim, which speaks for itself. Cadles denies the remainder of the allegations of this paragraph as they constitute legal conclusions to which no response is required. To the extent a response is deemed required, Cadles denies the remainder of the allegations in this paragraph.

20. Cadles denies the allegations in this paragraph as they constitute legal conclusions to which no response is required. To the extent a response is deemed required, Cadles denies the allegations in this paragraph.

21. Cadles denies the allegations in this paragraph as they constitute legal conclusions to which no response is required. To the extent a response is deemed required, Cadles denies the allegations in this paragraph.

22. Cadles denies the allegations in this paragraph as they constitute legal conclusions and a request for relief to which no response is required. To the extent a response is deemed

required, Cadles denies the allegations in this paragraph and asserts that its claims are valid, enforceable, and have priority as to the Property.

WHEREFORE, Cadles respectfully requests that the Bankruptcy Court deny the relief sought by the Plaintiffs and find Cadles' proof of claim valid, maintaining first priority against the Property.

### COUNT II: ACCOUNTING AND INSPECTION
### (11 U.S.C. §§ 105(a))

23. Cadles' responses set forth in the above paragraphs are restated here and incorporated herein by reference.

24. Cadles admits that Plaintiffs have received the Cadles' proof of claim and denies the remainder of the allegations in this paragraph.

25. Cadles admits that its proof of claim as of the petition Date is $565,805.18. Cadles lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in this paragraph and therefore denies the same.

26. Cadles denies the allegations in this paragraph as they constitute legal conclusions to which no response is required. To the extent a response is deemed required, Cadles denies the allegations in this paragraph. Cadles has or will provide all supporting documents to support its proof of claim.

27. The allegations in this paragraph are a request for relief to which no answer is required. To the extent an answer is required, Cadles denies the allegations in this paragraph.

WHEREFORE, Cadles respectfully requests that the Court deny Plaintiff's requests.

## COUNT III: OBJECTION TO CADLES CLAIM
## (11 U.S.C. §§ 105(a) and 502(b))

28. Cadles' responses set forth in the above paragraphs are restated here and incorporated herein by reference.

29. Cadles admits that Plaintiffs have received the Cadles' Claim and denies the remainder of the allegations in this paragraph.

30. Cadles denies the allegations in this paragraph.

31. Cadles admits it filed an allowed secured claim against the Property on November 14, 2024 with a stated debt obligation of $565,805.18 and that this claim is a first priority lien. Cadles denies the remainder of the allegations in this paragraph.

32. Cadles denies the allegations in this paragraph as they constitute legal conclusions to which no response is required. To the extent a response is deemed required, Cadles denies the allegations in this paragraph and asserts that its claims are valid, enforceable, and have priority as to the Property.

33. Cadles denies the allegations in this paragraph to the extent it is inconsistent with the law. Cadles refers to the documents produced in Docket Entry #31 as support for its claim. Cadles reserves the right to supplement these documents and provide additional evidence and testimony in support of its claim. Cadles requests that any hearing related its proof of claim be incorporated into this proceeding and that determination as to Cadles' claim be resolved through this proceeding. All rights reserved.

WHEREFORE, Cadles respectfully requests that the Court deny Plaintiff's requests.

## **Affirmative Defenses**

**NOTICE IS HEREBY GIVEN** that Cadles intends to rely upon the following affirmative defenses, special defenses, and other defenses. In identifying the defenses set forth below, Cadles

does not relieve Plaintiffs of proving under the appropriate standard of proof all elements of the claims that Plaintiffs allege. Cadles does not undertake any burdens that properly rest upon Plaintiffs, and do not suggest either that Plaintiffs do not bear the burden of proof as to such matters or that such matters are not elements that Plaintiffs must establish in order to make out a prima facie case against Cadles. These defenses are set forth cumulatively and in the alternative.

Cadles asserts all affirmative defenses available under applicable federal or state law, including the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, Uniform Commercial Code, the Maryland Code, and the Local Rules of this Court, and reserves the right to modify these affirmative defenses or assert other affirmative defenses, special defenses, crossclaims, and third-party claims when and if they become appropriate in this action. Further, Cadles reserves the right to file a Fed. R. Civ. P. 12 motion to dismiss on some or all of the foregoing defenses and to amend this Answer as permitted under applicable law.

### First Affirmative Defense

The Complaint, and each cause of action therein, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by debtors' fraud.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of release.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### Negative Averments

Cadles hereby incorporate by reference all negative averments as if specifically set forth herein, whether created by rule, statute, common law, or otherwise.

Cadles reserves the right to supplement its defenses and amend this Answer as necessary.

### PRAYER FOR RELIEF

WHEREFORE, Cadles prays for the following relief:

A. That the Complaint be dismissed with prejudice;

B. That judgment be entered in favor of Cadles on all claims and against Plaintiffs;

C. That Cadles Claims be held as allowed, valid, and be found as having first priority as to the Property; and

D. For such other and further relief as this Bankruptcy Court may deem proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: March 6, 2025 | */s/ Jason S. Ordene* <br> Jason S. Ordene (Bar No. 19267) <br> Bregman, Berbert, Schwartz & Gilday, LLC <br> 7315 Wisconsin Avenue, Suite 800W <br> Bethesda, Maryland 20814 <br> (301) 656-2707 (Tel) <br> (301) 961-6525 (Fax) <br> jordene@bregmanlaw.com <br> *Counsel for Defendant Cadles of West Virginia, LLC* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2025, a copy of the foregoing was served on all counsel of record via ECF and counsel for Penny Mac Loan Services, LLC via email at:

Steven L. Goldberg
McNamee Hosea
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
*sgoldberg@mhlawyers.com*

> */s/ Jason S. Ordene*
> Jason S. Ordene

9