IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In Re: | * |
| | * Case No. 24-17929 |
| ANTHONY DARYL PEARSON | * |
| KATRINA PEARSON | * |
| | * Chapter 13 |
| Debtors. | * |
| | * |
| | * |
| ANTHONY DARYL PEARSON, ET AL. | * Adv. No. 25-00034 |
| | * |
| Plaintiffs, | * |
| | * |
| | * |
| v. | * |
| | * |
| CADLES OF WEST VIRGINIA, LLC | * |
| ET AL. | * |
| | * |
| Defendants. | * |
| | * |

**ANSWER TO COMPLAINT TO DECLARE SCOPE, VALIDITY, PRIORITY AND EXTENT OF LIEN OF CADLES OF WEST VIRGINIA, LLC AND PENNYMAC LOAN SERVICES, LLC; TO VALUE REAL PROPERTY; FOR AN ACCOUNTING AND AN OBJECTION TO CLAIM PURSANT TO 11 U.S.C. §§ 105(a), 502(b), 506(a), 1322(b)(2); 28 U.S.C. §§ 2201, 2202 AND FED R. BANKR. P. 3012**

PennyMac Loan Services, LLC (the "Defendant" or "Pennymac"), by and through its undersigned counsel, files this Answer to the Complaint to Declare Scope, Validity, Priority, and Extent of Lien of Cadles of West Virginia, LLC and PennyMac Loan Services, LLC; to Value Real Property; for an Accounting and an Objection to Claim Pursuant to 11 U.S.C. §§ 105(a), 502(b), 506(a), 1322(b)(2); 28 U.S.C. §§ 2201, 2022 and Fed R. Bankr. P. 3012 (the "Complaint") and, in support thereof, answers as follows:

1

**Parties and Jurisdiction**

1. The allegations contained in paragraph 1 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, the Defendant denies the allegations contained in paragraph 1 of the Complaint.

2. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 2 of the Complaint, and therefore denies the same.

3. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 3 of the Complaint, and therefore denies the same.

4. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 4 of the Complaint, and therefore denies the same.

5. The Defendant admits that it is registered to do business in the State of Maryland. The Defendant further admits that its principal place of business is located at 3043 Townsgate Road, Suite 200, Westlake Village CA 91361. By way of further answer, the Defendant denies any remaining allegations contained in paragraph 5 inconsistent herewith.

6. The Defendant admits the allegations contained in paragraph 6 of the Complaint.

**Facts Common to All Counts**

7. The Defendant admits the first sentence contained in paragraph 7 of the Complaint. The Defendant is without sufficient information to admit or deny the second sentence of paragraph 7 of the Complaint, and therefore denies the same.

8. The Defendant admits the allegations contained in paragraph 8 of the Complaint. By way of further answer, the Defendant admits that the Plaintiffs scheduled

the value of the Property at $900,000; Defendant does not, however, admit to the accuracy of that valuation, and reserves the right, if necessary, to obtain an independent valuation of the Property.

9. The Defendant admits that on October 23, 2024, Defendant filed Proof of Claim No. 7. By way of further answer, the proof of claim speaks for itself, and Defendant denies any allegations inconsistent therewith.

10. The Defendant admits that on November 14, 2024, defendant Cadles filed Proof of Claim No. 10. By way of further answer, the Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 10 of the Complaint, and therefore denies the same.

11. The Defendant is aware that Cadles and the Plaintiffs filed the documents referenced in paragraph 11 of the Complaint, but is without sufficient information to form a belief as to the truth of the claims and defenses stated therein. By way of further answer, as the Defendant was not a party to the motions practice referenced in paragraph 11 of the Complaint, to the extent such documents implicate any rights, claims or defenses of the Defendant, the Defendant denies the allegations contained therein and in this paragraph 11. The Defendant reserves all of its rights, claims and defenses herein and therein.

12. The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies the same.

13. The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies the same.

14. The Defendant admits that a closing occurred on or about August 9, 2021. The Defendant further admits that the settlement statement reflects a payoff of an existing loan to Chase Bank in the amount of $502,728.09. The Defendant is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint and therefore denies the same.

15. The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies the same. By way of further answer, the last sentence of paragraph 15 asserts a legal conclusion for which no response is required.

**Count I: Declaratory Judgment to Determine Scope, Extent, and Validity of Liens of Cadles and Pennymac Against the Property**
**(11 U.S.C. §§ 105(a), 502(b), 506(a), 1322(b)(2); 28 U.S.C. §§ 2201, 2202)**

16. The Defendant incorporates its responses to paragraphs 1 through 15 as if set forth fully herein.

17. The allegations contained in paragraph 17 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, the Defendant denies the allegations contained in paragraph 17 of the Complaint. Defendant reserves the right, if necessary, to obtain an independent valuation of the Property.

18. The Defendant admits that its proof of claim asserts a first priority lien on and against the Property. By way of further answer, the proof of claim filed by Pennymac speaks for itself, and Defendant denies any allegations inconsistent therewith.

19. The Defendant asserts that it is entitled to a first priority lien on and against the Property.  By way of further answer, the Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.  By way of further answer, the last two sentences of paragraph 19 assert legal conclusions for which no response is required.

20. The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and therefore denies the same.

21. The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and therefore denies the same.  By way of further answer, the allegations contained in paragraph 21 assert legal conclusions for which no response is required.

22. The Defendant asserts that it is entitled to a first priority lien on and against the Property.  The Defendant is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint.  To the extent a lien priority dispute exists, the Defendant admits that the Court has the power to determine the relative rights of the parties as to the priority, extent and validity of liens.

WHEREFORE, PennyMac Loan Services, LLC respectfully requests that the Court declare that Defendant has a first priority lien on and against the Property, and grant such other and further relief as is just and appropriate.

## Count 2:  Accounting and Inspection
## 11 U.S.C. § 105(a)

23. The Defendant incorporates its responses to paragraphs 1 through 22 as if set forth fully herein.

24. The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and therefore denies the same.

25. The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and therefore denies the same.

26. The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and therefore denies the same. By way of further answer, the second sentence of paragraph 26 asserts a legal conclusion for which no response is required.

27. The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and therefore denies the same.

WHEREFORE, PennyMac Loan Services, LLC respectfully requests that the Court deny the relief sought in Count II of the Complaint, declare that Defendant has a first priority lien on and against the Property, and grant such other and further relief as is just and appropriate.

### Count III: Objection to Cadles Claim
### (11 U.S.C. §§ 105(a) and 502(b))

28. The Defendant incorporates its responses to paragraphs 1 through 27 as if set forth fully herein.

29. Count III of the Complaint is directed at defendant Cadles of West Virginia, LLC. As such, a response is not required. To the extent a response is required,

the Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and therefore denies the same.

30. Count III of the Complaint is directed at defendant Cadles of West Virginia, LLC. As such, a response is not required. To the extent a response is required, the Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, and therefore denies the same.

31. Count III of the Complaint is directed at defendant Cadles of West Virginia, LLC. As such, a response is not required. To the extent a response is required, the Defendant admits that it filed a proof of claim in the Plaintiffs' bankruptcy case asserting a first priority lien on and against the Property. By way of further answer, the Defendant admits that it satisfied a pre-existing lien on and against the Property in the amount of approximately $502,728.09. By way of further answer, Defendant's proof of claim speaks for itself.

32. Count III of the Complaint is directed at defendant Cadles of West Virginia, LLC. As such, a response is not required. To the extent a response is required, the Defendant admits that it filed a proof of claim in the Plaintiffs' bankruptcy case asserting a first priority lien on and against the Property.

33. Count III of the Complaint is directed at defendant Cadles of West Virginia, LLC. Furthermore, paragraph 33 of the Complaint cites a local rule, for which no response is required.

WHEREFORE, PennyMac Loan Services, LLC respectfully requests that the Court allow its claim in full as a first priority lien on and against the Property, and grant such other and further relief as is just and appropriate

**ADDITIONAL AND AFFIRMATIVE DEFENSES**

1. Any allegation in the Complaint which has not expressly been admitted, or for which a response is otherwise required, is hereby denied.

2. The Plaintiffs fail to state a claim upon which relief can be granted.

3. The Plaintiffs' claims are barred by estoppel.

4. The Plaintiffs' claims are barred by statute of limitations.

5. The Plaintiffs' claims are barred by laches.

6. The Plaintiffs' claims are barred by res judicata.

7. The Plaintiffs' claims are barred by waiver.

8. Pursuant to the doctrine of equitable subrogation, Pennymac is entitled to a first priority lien on and against the Property.

9. Defendant reserves the right to assert any affirmative defenses that may be subsequently learned through discovery, at trial or by any other means.

WHEREFORE, PennyMac Loan Services, LLC respectfully requests that the Court declare the claim of PennyMac Loan Services, LLC to be a first priority lien on and against the Property; grant PennyMac Loan Services, LLC reimbursement of its fees and expenses; and grant such other and further relief as is just and appropriate.

**Statement Pursuant to Fed. R. Bankr. P. 7008 and Local Rule 7012-1(b)**

Pursuant to Fed. R. Bankr. P. 7008 and Local Rule 7012-1, Defendant PennyMac Loan Services, LLC hereby states that it consents to the entry of final orders and judgments by the Bankruptcy Court

Dated: March 11, 2025

Respectfully submitted

MCNAMEE HOSEA P.A.

/s/ Steven L. Goldberg
Steven L. Goldberg (Fed Bar No. 28089)
Mark W. Schweitzer (Fed Bar No. 14402)
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(t) 301-441-2420
(f) 301-982-9450
sgoldberg@mhlawyers.com
*mschweitzer@mhlawyers.com*
*Attorneys for PennyMac Loan Services, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of March, 2025, a true and correct copy of the foregoing Answer has been furnished by CM/ECF to:

John D. Burns (jburns@burnsbankruptcyfirm.com)
Jason Ordene (jordene@bregmanlaw.com)

/s/ Steven L. Goldberg
Steven L. Goldberg

9